FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2014 JUN 25 P 3: 00

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CHAPMAN CUBINE ADAMS + HUSSEY, INC., | ) ) ) ) **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) 1:14-cv-807 ) (GBL/TRJ) |
| v. | ) ) |
| SIRIUS XM HOLDINGS, INC., | ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff, Chapman, Cubine Adams + Hussey, Inc. (formerly known as Malchow, Adams & Hussey, Inc.) ("CCAH"), alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### NATURE OF THE CASE

1. This is a civil action for copyright and trade dress infringement, unfair competition, and tortious interference with contract and prospective economic advantage under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia common law. CCAH seeks equitable and monetary relief from Defendant's willful violations of CCAH's copyright and trade dress rights in its distinctive and valuable packaging design for direct marketing mail campaigns (the "UrgentGram Design").

2. Defendant Sirius XM Holdings, Inc. ("Sirius XM" or "Defendant") has been and continues distributing, offering, and/or promoting direct marketing envelopes that infringe CCAH's copyright and mimic and infringe the highly-promoted, successful, and publicly recognized trade dress of CCAH's UrgentGram Design. Sirius XM's infringing conduct has also

1

interfered with (and, unless enjoined, will continue to interfere with) and harmed CCAH's ability to license its valuable UrgentGram Design to its existing and prospective clients that engage in direct marketing campaigns.

## PARTIES

3. Plaintiff is a District of Columbia corporation with a principal place of business at 2000 15th Street North, Suite 550, Arlington, VA 22201.

4. Defendant Sirius XM Holdings, Inc. is a Delaware corporation with a principal place of business at 1221 Avenue of the Americas, 36th Floor, New York, New York 10020.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Because CCAH is a District of Columbia corporation with a principal place of business in this District, Defendant is a citizen of the State of New York, and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over CCAH's state-law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

6. This Court has general personal jurisdiction over Defendant based on its continuous and systematic contacts with the Commonwealth of Virginia, including servicing subscribers of its satellite radio service in the Commonwealth of Virginia.

7. This Court has specific personal jurisdiction over Defendant because it has purposefully availed itself of the privilege of conducting business in the Commonwealth of Virginia. Defendant (directly or through authorized agents) offers satellite radio subscription services and other promotions in envelopes bearing the trade dress and copyrighted material that

are the subject of this lawsuit to Virginia residents. CCAH's claims arise, in part, out of Defendant's contacts with Virginia.

8. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to CCAH's claims have occurred and are continuing to occur in this District and CCAH's trade dress and copyright at issue are located in this District, where CCAH maintains its principal place of business.

## CCAH AND ITS VALUABLE URGENTGRAM DESIGN

### CCAH Is a Proven Leader in the Direct Marketing Industry

9. Direct marketing is a form of advertising in which physical marketing materials, typically printed brochures and letters, are provided to consumers in order to communicate information about a product, service, or organization. These marketing materials are delivered to the consumer through U.S. mail or other courier services. Direct marketing does not involve broadcasting or publication of advertising through mass media.

10. CCAH is a direct marketing agency that designs and services direct marketing campaigns for its clients, primarily prominent non-profit organizations and political institutions. For more than 25 years, CCAH has created award-winning direct marketing campaigns that are at the forefront of the direct marketing industry. CCAH is one of the most successful direct marketing firms in the country, and enjoys a nationwide reputation for excellence and for its innovative and distinctive work.

11. In recognition of its creativity and contributions to the direct marketing industry, CCAH has over the years received hundreds of awards, including the United States Postal Service Mailing Excellence Award, record-breaking 257 Gold, Silver, and Bronze Maxi awards from the Direct Marketing Association of Washington, 41 international ECHO awards from the

Direct Marketing Association (more than any other fundraising firm in the word), the Henry Hoke Award, and over a dozen Pollie Awards from the American Association of Political Consultants, among many others.

12. CCAH is widely known as an innovative direct marketing agency that designs and services effective, successful direct marketing campaigns for its clients. CCAH's clients depend on CCAH's ability to deliver impressive results in a short amount of time. To meet those demands, CCAH designs creative mailings, including envelopes and other packaging that lead to successful direct marketing campaigns.

**How Direct Mail Marketing Works**

13. Successful direct marketing campaigns elicit a response from a consumer receiving a direct mail piece by catching the consumer's eye, so that the consumer is persuaded to open and consider the mailing and contribute funds to or buy products offered by the direct mailer. The envelope/packaging in which a direct marketing piece arrives is a critical factor that often defines the success or failure of a direct marketing campaign.

14. Companies in the direct marketing business, including CCAH, devote significant time, effort, and expense to creating direct marketing campaigns, including direct mailings. They test various envelope/packaging designs with consumer focus groups to measure the success of direct mail packaging. A distinctive direct mail packaging, proven to generate high response rate from consumers, is a valuable asset for any company embarking on a direct marketing campaign.

**CCAH's Valuable and Distinctive UrgentGram Design**

15. In 1995, during a company retreat, CCAH divided its employees into several groups that were tasked with creating a distinctive envelope for direct mail campaigns. One of the groups designed a direct marketing envelope that quickly won recognition in the marketing industry for its ability to attract consumer attention and became the cornerstone of numerous direct mail campaigns of many of CCAH's clients. Although the unique and proprietary envelope design has evolved slightly over the years, the key distinctive features of the design's overall look and feel have remained a reliable constant with a proven ability to generate a high response rate in direct marketing campaigns.

16. The envelope design has a consistent, uniform, and recognizable overall look, comprised of at least the following combination of aesthetically-driven design elements: (1) the color yellow covering almost the entire surface of one side of the envelope; (2) the combination and positioning of the colors yellow and white on the other side of the envelope; (3) a white top fold; (4) the location, font, and shape of the boxes and wording with various delivery options (e.g., "Standard," "Expedited," etc.) on the top fold; (5) the size, font, and location of the words "EXPEDITED DELIVERY" and "GRAM" on both sides of the envelope; and (6) the size and location of the narrow rectangular packaging tracking number box in white against a yellow background (the "UrgentGram Design"):

5





17. Since 1998, CCAH has owned a registered copyright in the UrgentGram Design. The UrgentGram Design is the subject of a valid and subsisting U.S. Copyright Registration, No. TX 4-751-503, a true and correct copy of the certificate of registration is attached as Exhibit 1 hereto.

18. Since 1996, *twenty one million* direct mail envelopes bearing the UrgentGram Design have been mailed to consumers throughout the United States. During the past seven years alone, sales of the UrgentGram Design have exceeded 8 million envelopes. Indeed, the UrgentGram Design has proven to be a great success and has for years been in high demand by CCAH's clients, including prominent non-profit and political organizations.

19. CCAH's clients pay for the right to use of the unique UrgentGram Design in their marketing campaigns, and the mailings featuring the UrgentGram Design have raised *$22 million* in gross revenue for CCAH's clients over the years.

20. CCAH's clients came to depend and rely on the UrgentGram Design for the success of their fund-raising and marketing campaigns. CCAH won numerous prominent MAXI awards from the Direct Marketing Association of Washington in connection with the UrgentGram direct mailing campaigns (including the WCJ Post-911 UrgentGram campaign, the Democratic National Committee campaigns, and the UrgentGram Budget Appeal).

21. CCAH has extensively advertised and promoted the UrgentGram Design, so that consumers have come to associate the UrgentGram Design exclusively with one source.

22. As a result of strong sales, almost two decades of widespread use, publicity, and promotion, the UrgentGram Design is a valuable and commercially-strong trade dress.

## SIRIUS XM'S UNLAWFUL ACTS

23.     Without CCAH's authorization or approval, Sirius XM has been mailing subscriber notifications, promotions, and/or other direct marketing materials to consumers (including to consumers in Virginia) about its satellite radio services in copycat envelopes that are virtually indistinguishable from CCAH's UrgentGram Design (the "Infringing Envelope"):





24. Moreover, instances of actual confusion have already surfaced. In November 2012, Debbie and William Leigh Angel, who reside in Tappahannock, Virginia, got the Infringing Envelope soliciting them to become paying subscribers of the Sirius XM services (attached as Exhibit 2). Ms. Angel is employed with RR Donnelley, a printing company. Ms. Angel immediately recognized the envelope as the UrgentGram Design sold by CCAH. Ms. Angel assumed that Sirius XM had become a client of CCAH because the envelope design was identical to the one she knew was being sold by CCAH to its customers.

25. In December 2012, Ms. Angel met with Shannon Murphy, a CCAH employee with whom she has a professional relationship. During that meeting, Ms. Angel told Ms. Murphy that she saw Sirius XM was now a client of CCAH because it was mailing direct marketing materials to consumers in envelopes bearing the UrgentGram Design. Mr. Murphy

was very surprised by Ms. Angel's comments and told her that Sirius XM was not a CCAH client.

26. In an effort to resolve the matter without litigation, CCAH sent Defendant a demand letter (a true and correct copy of which attached hereto as Exhibit 3) and followed up with a telephone call asking Defendant to stop its infringing conduct, but Defendant never responded.

27. Fully aware of CCAH's rights, Defendant has acted knowingly, willfully, in reckless disregard of such rights, and in bad faith.

## INJURY TO CCAH AND THE PUBLIC

28. Defendant's unauthorized use of the UrgentGram Design is likely to cause confusion, mistake, and deception as to the source, origin, sponsorship, and/or approval of Defendant's services, and is likely to falsely suggest a sponsorship, connection, or association between Defendant, its services, and/or its commercial activities with CCAH.

29. Defendant's acts, described above, constitute copyright infringement and deprive CCAH of the benefit of its copyright and its exclusive right to control and benefit from the reproduction, display, distribution, and the creation of derivative work of the UrgentGram Design.

30. Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure CCAH and its valuable UrgentGram Design.

31. Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

## COUNT ONE
### Direct Willful Copyright Infringement (Reproduction)

32. CCAH repeats and realleges each and every allegation set forth in this Complaint.

33. The UrgentGram Design is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

34. CCAH owns a valid and subsisting copyright registration for the UrgentGram Design.

35. Sirius XM had access to the UrgentGram Design and copied the UrgentGram Design without authorization.

36. The Infringing Envelope is at least substantially similar to the UrgentGram Design.

37. Sirius XM violated CCAH's exclusive copyright in the UrgentGram Design by reproducing the UrgentGram Design without authorization. Sirius XM's conduct constitutes direct infringement of CCAH's exclusive copyright under the Copyright Act in violation of 17 U.S.C. § 106(1).

38. Sirius XM's acts of infringement have been willful, intentional, and in reckless disregard for CCAH's rights.

## COUNT TWO
### Direct Willful Copyright Infringement (Public Distribution)

39. CCAH repeats and realleges each and every allegation set forth in this Complaint.

40. The UrgentGram Design is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

41. CCAH owns a valid and subsisting copyright registration for the UrgentGram Design.

42. Sirius XM had access to the UrgentGram Design and copied the UrgentGram Design without authorization.

43. The Infringing Envelope is at least substantially similar to the UrgentGram Design.

44. Sirius XM violated CCAH's exclusive copyright in the UrgentGram Design by publicly distributing the UrgentGram Design without authorization. Sirius XM's conduct constitutes direct infringement of CCAH's exclusive copyright under the Copyright Act in violation of 17 U.S.C. § 106(3).

45. Sirius XM's acts of infringement have been willful, intentional, and in reckless disregard for CCAH's rights.

## COUNT THREE
### Direct Willful Copyright Infringement (Public Display)

46. CCAH repeats and realleges each and every allegation set forth in this Complaint.

47. The UrgentGram Design is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

48. CCAH owns a valid and subsisting copyright registration for the UrgentGram Design.

49. Sirius XM had access to the UrgentGram Design and copied the UrgentGram Design without authorization.

50. The Infringing Envelope is at least substantially similar to the UrgentGram Design.

51. Sirius XM violated CCAH's exclusive copyright in the UrgentGram Design by publicly displaying the UrgentGram Design without authorization. Sirius XM's conduct constitutes direct infringement of CCAH's exclusive copyright under the Copyright Act in violation of 17 U.S.C. § 106(5).

52. Sirius XM's acts of infringement have been willful, intentional, and in reckless disregard for CCAH's rights.

## COUNT FOUR
### Direct Willful Copyright Infringement (Creation of Derivative Works)

53. CCAH repeats and realleges each and every allegation set forth in this Complaint.

54. The UrgentGram Design is an original work of authorship subject to copyright protection under 17 U.S.C. § 101 *et seq.*

55. CCAH owns a valid and subsisting copyright registration for the UrgentGram Design.

56. Sirius XM had access to the UrgentGram Design and copied the UrgentGram Design without authorization.

57. The Infringing Envelope is at least substantially similar to the UrgentGram Design.

58. Sirius XM violated CCAH's exclusive copyright in the UrgentGram Design by creating derivative works of the UrgentGram Design without authorization. Sirius XM's conduct constitutes direct infringement of CCAH's exclusive copyright under the Copyright Act in violation of 17 U.S. C. § 106(2).

59. Sirius XM's acts of infringement have been willful, intentional, and in reckless disregard for CCAH's rights.

## COUNT FIVE
### Trade Dress Infringement,
### False Designation of Origin, Passing Off, and Unfair Competition
### Under 15 U.S.C. § 1125(a)

60. CCAH repeats and realleges each and every allegation set forth this Complaint.

61. Sirius XM's actions described in this Complaint are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Sirius XM and/or its services or commercial activities by or with CCAH, and thus constitute trade dress infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT SIX
### Tortious Interference with Contract and/or Prospective Economic Advantage under Virginia Common law

62. CCAH repeats and realleges each and every allegation set forth in this Complaint.

63. CCAH has for years entered into contracts with its clients and has reasonably expected to continue to enter into contracts licensing to various entities the UrgentGram Design for use in direct marketing campaigns.

64. Sirius XM has known that the UrgentGram Design is highly desirable property to CCAH and companies engaging in direct marketing campaigns. Additionally, CCAH has known of CCAH's desire and intent to license the valuable UrgentGram Design to existing and potential clients for use in direct marketing campaigns.

65. Having seen that Sirius XM has misappropriated the UrgentGram Design for its own gain without permission from and any compensation to CCAH, other companies now do not feel the need to enter into (or continue with) licensing agreements with CCAH for the use of the UrgentGram Design.

66. Absent Sirius XM's infringing conduct, it is reasonably certain that Sirius XM would have continued to license its UrgentGram Design to existing and prospective clients (as it has done for the past 18 years).

67. Sirius XM's conduct has caused CCAH substantial harm and damages because CCAH is unable to fully commercialize on licensing of the UrgentGram Design to various companies that engage in direct mailing campaigns.

## COUNT SEVEN
### Unfair Competition under Virginia Common Law

68.    CCAH repeats and realleges each and every allegation set forth in this Complaint.

69.    Sirius XM's actions, as described above, are likely to cause mistake, or to deceive as to the origin, sponsorship, or approval of Sirius XM, its services, and/or its commercial activities by or with CCAH, and thus constitute unfair competition under Virginia common law.

## JURY DEMAND

CCAH demands a jury trial on all issues that are triable by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, CCAH respectfully requests that this Court enter judgment in its favor on each and every claim set forth above and award it relief, including but not limited to the following:

A.    An Order declaring that Defendant's use of the Infringing UrgentGram Envelope constitutes copyright and trade dress infringement of CCAH's UrgentGram Design and unfair competition under federal and/or state law, as detailed above;

B.    A permanent injunction enjoining Defendant and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.    From reproducing, making, promoting, offering, mailing, creating derivative works from, distributing, publicly displaying, or otherwise using the Infringing UrgentGram Envelopes, direct mail packages, and/or materials similar to CCAH's copyrighted UrgentGram Design and/or trade dress;

2.    From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by

Defendant, are associated or connected in any way with CCAH or sponsored by or affiliated with CCAH in any way;

3. From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

C. An Order directing Defendants to destroy all envelopes, packaging, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain, depict, or bear Defendant's Infringing UrgentGram Envelope design or any other design confusingly similar or substantially similar to CCAH's UrgentGram Design;

D. An Order directing that, within thirty (30) days after the entry of the injunction, Defendant files with this Court and serves on CCAH's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

E. An order requiring Defendant to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents, and representatives to address the likely confusion caused by its Infringing UrgentGram Envelope design;

F. An award of statutory damages to CCAH pursuant to 17 U.S.C. § 504(c) for willful copyright infringement. Alternatively, at CCAH's election, pursuant to 17 U.S.C. § 504(b), an award of actual damages to CCAH plus Sirius XM's profits from infringement in an amount to be determined;

G. An award of attorneys' fees and costs pursuant to 17 U.S.C. § 505;

H. An award of damages, in an amount to be determined (and including prejudgment and post-judgment interest), adequate to compensate CCAH for the infringement that has occurred, pursuant to 15 U.S.C. § 1117 and other applicable laws, and trebling such damages;

I. An order requiring Defendant to account for and pay to CCAH any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws;

J. An award of attorneys' fees and costs (including prejudgment interest on such fees) because this is an exceptional case, pursuant to 35 U.S.C. § 505, 15 U.S.C. § 1117, and other applicable laws;

K. An award of exemplary and punitive damages;

L. Costs and expenses in this action;

M. Any further relief that this Court deems just and proper.

Dated: June 25, 2014

Respectfully submitted,

By. Brett Heavner (VA Bar ID 34777)
Margaret A. Esquenet (*Pro Hac Vice* in process)
Anna B. Naydonov (VA Bar ID 80101)
FINNEGAN, HENDERSON,
  FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)
Email: brett.heavner@finnegan.com
Email: margaret.esquenet@finnegan.com
Email: anna.naydonov@finnegan.com

Attorneys for Plaintiff Chapman Cubine Adams + Hussey, Inc.